IN THE UNITED STATES COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. PLAINTIFF-RALATOR RANDLE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> KANSAS CITY, KANSAS HOUSING ) <br>    AUTHORITY, et al. ) <br> ) <br> Defendants. ) | Case No. 2:25-cv-02286-TC-GEB |

**DEFENDANT DEBORAH DEFENDANT THOMPSON'S AMENDED MOTION TO
DISMISS AND MEMORANDUM IN SUPPORT**

COMES NOW Defendant Deborah Thompson, through her attorney Atif Abdel-Khaliq, moves pursuant to *Fed. R. Civ. P. 12(b)(6)* to dismiss all claims against her for failure to state a claim upon which relief can be granted. The First Amended False Claims Act Complaint fails to plead viable causes of action under the False Claims Act (FCA), *42 U.S.C. § 1983*, the Fair Housing Act (FHA), or otherwise. Defendant Thompson is entitled to qualified immunity on the § 1983 claims.

**INTRODUCTION**

Plaintiff Andrea Randle brings this qui tam action alleging FCA violations tied to purported misuse of her SNAP/EBT benefits and HUD funds, plus civil rights claim under *42 U.S.C. § 1983* for due process and First Amendment violations, FHA claims, and Kansas Consumer Protection Act (KCPA) claims. Defendant Thompson, former head of Tenant Selection at KCKHA, is named in Counts I (FCA), II (*42 U.S.C. § 1983* due process), and III (*42 U.S.C. § 1983* retaliation). The Complaint's vague allegations of a "scheme" to extort EBT benefits fail to identify specific false claims to the government, lack particularity under Rule 9(b), and do not overcome qualified

1

immunity. Even accepting the allegations as true, no plausible claim is stated. Dismissal with prejudice is warranted.

Attached as Exhibit A is the Affidavit of Eleanor Hill, a KCKHA employee, describing Plaintiff Randle's voluntary office visits and attempts to sell items, suggesting consensual transactions rather than extortion. If the Court considers this extrinsic evidence, Defendant Thompson requests conversion to summary judgment under Rule 56.

## RELIEF SOUGHT

Defendant Deborah Thompson seeks dismissal of all claims against her pursuant to *Fed. R. Civ. P. 12(b)(6)* for failure to state a claim upon which relief can be granted. The First Amended False Claims Act Complaint fails to plead viable causes of action under the False Claims Act (FCA), *42 U.S.C. § 1983*, the Fair Housing Act (FHA), or otherwise. Defendant Thompson is entitled to qualified immunity on the *§ 1983* claims.

## STATEMENT OF FACTS

The First Amended False Claims Act Complaint alleges that in 2022, Plaintiff Randle applied for KCKHA housing and was told by Defendant Thompson she was on a "banned list" due to a decade-old complaint. Defendant Thompson allegedly used this as leverage, asked about Plaintiff Randle's food stamps, and required EBT card surrender for housing approval. Plaintiff Randle claims ongoing extortion, retaliation via fees and eviction threats when she resisted, and misuse of HUD funds to "cover" expenses. After reporting in July 2023, Defendant Thompson was terminated, but Plaintiff Randle alleges further retaliation. (Compl. ¶¶ 1-5, 46-137.) Hill's Affidavit states Plaintiff Randle frequently visited the office, demanded to speak only to Defendant Thompson, brought others to apply, loitered in the lobby, and tried to sell SNAP—indicating voluntary engagement, not coercion. (Ex. A ¶¶ 4-8.)

## STANDARD OF REVIEW

Under Rule 12(b)(6), the Court accepts well-pled facts as true but disregards legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The First Amended False Claims Act Complaint must plead plausible claims, not mere speculation. Fraud-based claims like FCA require particularity under Rule 9(b): who, what, when, where, and how. *U.S. ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 745 (10th Cir. 2018).

To survive a Rule 12(b)(6) motion to dismiss, the First Amended False Claims Act Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual allegations in the complaint are true but is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). While the pleading standard does not require "detailed factual allegations," it demands more than a pleading which offers only "labels and conclusions." *Id*.

Rule 12(b)(6) also requires dismissal of a claim that lacks a cognizable legal theory or where the law provides no relief. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (dismissal appropriate if "plaintiff can prove no set of facts in support of a claim entitling him to relief").

Factual allegations must be enough to raise a fight for relief above the speculative level *Wright & Miller, Federal Practice and Procedure § 1213,* pp. 235-236 (3d ed. 2004). The pleading must contain something more than… a statement of facts that merely creates a suspicion of a legally cognizable right of action. In practice, a complaint… "must contain either direct or

3

inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory," *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 114, 1155 (CA9 1989).

In **paragraph 50** of Plaintiff's First Amended False Claims Act Complaint, she uses fraudulent scheme with no supportive facts, only conclusions. Plaintiff also uses extorted and conspired with no supportive facts, only conclusions. In **paragraph 51,** Plaintiff states that Defendant Thompson asked about Plaintiff's EBT card. Plaintiff then assumes this had something to do with her eligibility for public housing. There was no threat, there was no force, only a false assumption which is not actionable by law. In **paragraph 56** of Plaintiff's First Amended False Claims Act Complaint Plaintiff hands over her card because Defendant Thompson allegedly asked for the card. Again, without threat and without force. Plaintiff goes further and states she is not sure what Defendant Thompson planned to do with the card, so there certainly is no fraudulent scheme.

Nowhere in Plaintiff's First Amended False Claims Act Complaint does Plaintiff make a claim that Defendant Thompson used any words or in any way took any affirmative steps by documentation, email, verbal threats, etc. that Plaintiff's housing depended upon the surrendering of her EBT card to Defendant Thompson. Plaintiff's claim of extortion is based upon innuendos, assumptions, conjecturing, and pure unadulterated speculation to come to unfounded, unsupported, legal conclusion of fraud, theft, coercion, threats, or fraudulent schemes.

Namely paragraphs listed perpetrate these myths which are listed as follows:

- Paragraph 61: Pure conjecture that Defendant Thompson wanted to make sure of approval for Plaintiff Randle control purposes.

- Paragraph 63: Speculation that Defendant Thompson had anything to do with a banned list and that banned list allowed control over acceptance or rejection of applications.

- Paragraph 64: Speculation about a boy coming into office of Defendant Thompson and a

4

card was given to him to reflect a fraudulent scheme.

- Paragraph 81 & 82: Conclusions of fraudulent schemes without facts supporting a scheme. No threats and no verbal demands, only unsupported conclusions.

- Paragraph 88: Unsupported conclusions that to remain in housing Plaintiff had to comply with requirements from Defendant Thompson.

- Paragraph 96: No threats or coercion

- Paragraph 101: No specifics about Defendant Thompson

- Paragraph 106: Unsupported conclusions

- Paragraph 114: Absolutely false unsupported allegation that Defendant Thompson was in control and could make KCKHA records reflect anything she wanted with no evidence to support this allegation whatsoever. In fact, Plaintiff Randle admits she did not know what the KCKHA showed, which is an admission that no records were shown to her by Defendant Thompson, also no records were given to her to reflect a threat or coercion in any manner.

The rest of Plaintiff's First Amended False Claims Act Complaint contains the same innuendos, false, unsupported legal conclusions, speculation, and conjectures in an effort to mislead. Plaintiff must fail in this attempt. Defendant Thompson denies any coercion, extortion, theft, fraud, conspiracy, or fraudulent activities in regard to any SNAP benefits or the use of any EBT card owned or possessed by Plaintiff Randle.

On the contrary, Plaintiff Randle was actively soliciting her EBT card to anyone that would give her some cash benefit (see Ms. Hill's attached Affidavit). Plaintiff Randle was actively coming to the Housing Authority pursuing the sale of her SNAP benefits through the use of her EBT card.

# ARGUMENT

I.  **PLAINTIFF'S CLAIMS AGAINST DEFENDANT THOMPSON FOR VIOLATIONS OF THE FALSE ACT (COUNT I) MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED**

The FCA Claim (Count I) Fails for Lack of Subject Matter Jurisdiction and Failure to State a Claim. *31 U.S.C. § 3729(a)* provides that any person who (1) knowingly presents, causes to be presents, to an officer or employee of the United States government a false or fraudulent claim for payment or approval is liable to the United government. Under *31 U.S.C. § 3729(a)(7)* of the False Claims Act, relators are required to allege that defendant had an existing legal obligation to pay or transmit money or property to the Government and that defendant submitted false statements or records to conceal, avoid, or decrease that obligation.

The relator must plead with particularity (1) the existence of a false or fraudulent claim that (2) the defendant presented to the government for payment (3) with knowledge the claim was false. *31 U.S.C. § 3729(a)(1)(B)* The relator must plead the defendant (1) made a statement in order to receive money from the government, (2) the statement was false**,** and (3) the defendant knew the statement was false at the time it made the statement.

The purpose of the FCA is to combat fraud perpetrated against the government. *VT Agency of Nat. Resources v. United States ex rel. Stevens,* 529 U.S. 765, 781, 120 S. Ct. 1858, 146 L. Ed. 2d 836 (2000). The DCA "permits a private individual, called a qui tam relator, to file a civil action to recover damages on behalf of the United States." *Rivera v. Wells Fargo Bank N.A..* 6:14-cv-1916, 2015 U.S. Dist. LEXIS 184092, at *3 (M.D. Fla. Feb. 25, 2015). While the FCA encourages individuals who are aware of fraud to bring such information forward, a private individual cannot proceed pro se in litigation a qui tam action under the FCA. *Timson v. Sampson,* 518 F.3d 870, 873-74 (11th Circ. 2008). There are two primary reasons why potential fines and penalties are not

*31 U.S.C. § 3729(a)(*7*)* obligations. First, to apply the statute in that context would unduly broaden it. Second, the discretion vested in prosecutors and other government officials to determine whether to seek fines or penalties renders the alleged obligation contingent and thus beyond the reach of the statute.

The FCA imposes liability for knowingly presenting false claims for payment to the U.S., using false statements material to such claims, or conspiring to do so. *31 U.S.C. § 3729(a)(1)(A)-(C), (G)*. The Complaint alleges Defendant Thompson extorted Plaintiff Randle's EBT card and used SNAP benefits, causing false claims via retail transactions reimbursed by USDA. (Compl. ¶¶ 157-170.) This fails. See *United States ex rel. Chumba v. Encompass Health Corp.,* No. 20-2513-DDC-RES, 2023 WL 2734231, at *3 (D. Kan. Mar. 31, 2023) (dismissing FCA claims for failure to plead with particularity or allege materiality).

## THERE IS NO EXISTING LEGAL OBLIGATION TO PAY MONEY TO THE UNITED STATES OR ANY GOVERNMENT.

**As a matter of law, potential fines are merely contingent and speculative future liabilities and are not existing obligations to pay the government money as required by the statute. 31 U.S.C. § 3729(a)(1)(A).** Defendant Thompson never made a statement to receive money from the government. Plaintiff Randle is suggesting that a potential fine constitutes an obligation to pay the government.

SNAP trafficking is a USDA violation under 7 U.S.C. § 2024(b). SNAP trafficking is not a False Claims Act trigger. It does not include false claims for U.S. payment. Internal misuse does not constitute False Claims Act presentment. Lanahan v. Cnty. of Cook, 41 F.4th 693, 697 (7th Cir. 2022) (affirming dismissal; SNAP grant misuse not false claim without certifications). The alleged HUD "cover" is speculative, with no identified false HUD submission. Defendant Thompson, in tenant selection, did not handle finances or cause government claims. (Compl. ¶ 40.) If consensual

(as Hill's Affidavit suggests), no non-consensual extortion exists, disconnecting from FCA. Dismiss Count I.

There are two primary reasons why potential fines and penalties are not 31 U.S.C. § 3729(a)(7) obligations. First, to apply the statute in that context would unduly broaden it. Second, the discretion vested in prosecutors and other government officials to determine whether to seek fines or penalties renders the alleged obligation contingent and thus beyond the reach of the statute. Some courts have held that in order to create liability under (a)(7), the obligation must be fixed and definite at the time of the false claim.

*American Textile Mflrs. Inst., Inc. v. The Limited, Inc.,* 190 F.3d 729, 735 (6th Cir. 1999) ("ATMI") "To recover under the False Claims Act… the United States must demonstrate that it was owed a specific, legal obligation at the time that the alleged false record or statement was made, used, or caused to be made or used" and "the obligation cannot be merely a potential liability." *United States v. Q Int'l Courier, Inc.,* 131 F.3d 770, 774 (8th Cir. 1997), "False Claims Act requires a "fixed sum that is immediately due"; a potential penalty is insufficient. Under that understanding of the Act, reverse false claims did not occur when the Defendants failed to report environment violations.

### A. THE FCA CLAIM FAILS FOR LACK OF PARTICULARITY UNDER RULE 9(b)

The FCA imposes liability for knowingly presenting false claims for payment to the U.S., using false statements material to such claims, or conspiring to do so. *31 U.S.C. § 3729(a)(1)(A)-(C).* The Complaint alleges Defendant Thompson extorted Plaintiff Randle's EBT card and used SNAP benefits, causing false claims via retail transactions reimbursed by USDA. (Compl. ¶¶ 157-170.) This fails.

No specific false claim is pled with Rule 9(b) particularity. Vague references to "each and every time" the card was used lack details: no dates, amounts, retailers, or how Defendant

Thompson "caused" submissions to USDA/HUD. Courts dismiss such generalizations. *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171-72 (10th Cir. 2010) (requiring specific claims); *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002) (scheme alone insufficient).

### B. THE FCA CLAIM FAILS TO ALLEGE MATERIALITY

No allegations show any purported false claim had a natural tendency to influence government payment decisions. Vague SNAP and HUD references do not plead materiality. *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 194 (2016) (materiality standard is "demanding"; noncompliance must be more than minor or insubstantial, and mere designation as a condition of payment is insufficient); see also *U.S. ex rel. Janssen v. Lawrence Mem'l Hosp.*, 949 F.3d 533, 541-42 (10th Cir. 2020) (applying Escobar and finding falsified quality data immaterial where government continued payment despite knowledge); *U.S. ex rel. Sorenson v. Wadsworth Bros. Constr. Co., Inc.*, 847 F.3d 1348, 1356 (10th Cir. 2017) (dismissing FCA claim under Escobar where alleged falsehoods lacked materiality to payment decisions).

### C. THE COMPLAINT FAILS TO ALLEGE A FALSE RECORD OR STATEMENT

The Complaint does not identify any specific false record or statement made by Defendant Thompson. *31 U.S.C. § 3729(a)(1)(B)* (imposing liability for knowingly making or using a false record or statement material to a false or fraudulent claim); see *U.S. ex rel. Bahrani v. Conagra, Inc.*, 465 F.3d 1189, 1199 (10th Cir. 2006) (requiring specific false records or statements tied to claims for payment; general allegations insufficient).

### D. THE COMPLAINT FAILS TO ALLEGE A REVERSE FALSE CLAIM

No existing obligation that Defendant Thompson avoided is alleged. Potential fines are contingent and not actionable. *31 U.S.C. § 3729(a)(1)(G)* (liability for knowingly concealing or

9

avoiding an obligation to pay the government); see *U.S. ex rel. Bahrani v. Conagra, Inc.*, 465 F.3d at 1194 (reverse FCA requires an established duty to pay, not speculative penalties); *U.S. ex rel. Thomas v. Black & Veatch Special Projects Corp.*, 820 F.3d 1162, 1172 (10th Cir. 2016) (dismissing reverse FCA claim absent a concrete obligation to remit funds).

### E. THE CONSPIRACY ALLEGATION FAILS

Without underlying FCA violations, no conspiracy exists. Vague "scheme" allegations lack specifics. *31 U.S.C. § 3729(a)(1)(C)* (liability for conspiring to commit an FCA violation); see *U.S. ex rel. Conner v. Salina Reg'l Health Ctr., Inc.,* 543 F.3d 1211, 1226 (10th Cir. 2008) (FCA conspiracy requires agreement and overt acts; dismissed absent substantive FCA claims); *Lemmon*, 614 F.3d at 1172 (conspiracy fails without underlying fraud pled with particularity).

## II. PLAINTIFF'S CLAIMS AGAINST DEFENDANT THOMPSON FOR VIOLATIONS OF THE § 1983 CLAIMS DUE PROCESS CLAIMS (COUNT II) MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

Defendant Thompson, sued individually, invokes qualified immunity. Officials are immune unless they violated a clearly established constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Plaintiff must show (1) a violation and (2) the right was clearly established. *Id*. at 236. Courts may address the second prong first. Id. No case holds that accepting EBT in housing transactions breaches due process. *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (requiring specific precedent for clearly established law; novel facts favor immunity); *Mullenix v. Luna,* 577 U.S. 7, 12 (2015) (right must be "beyond debate"). See also *Abdi v. Wray*, 942 F.3d 1019, 1027 (10th Cir. 2019) (substantive due process requires conscience-shocking conduct; procedural due process requires protected interest and inadequate process). The Complaint fails to state a violation, as no conscience-shocking conduct or denied process is plausibly alleged. *Iqbal*, 556 U.S. at 678. The "banned list" denial lacks specificity; no hearing was plausibly denied.

Plaintiff's due process claims are barred by the statute of limitation. "The limitations period for *§ 1983* claims are determined by the state's personal injury statute of limitations." *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011); *Heter v. City of Hutchinson, Kansas,* No. 20-3114, 851 Fed.Appx. 874, 875 (10th Cir. April 15, 2021) (unpublished). Accordingly, Plaintiff's *§ 1983* claims are subject to the two-year limitations period contained in *K.S.A. § 60-513(a)(4). Heter*, 851 Fed.Appx. at 875. Plaintiff alleges she was put on the "banned list" in 2012. Doc. 1 at 3 [¶ 1], Consequently, her claims are beyond the two-year statute of limitation and are time-barred. Even if the Court determines the statute of limitation was tolled until Plaintiff discovered her inclusion on the banned list, her claims are still beyond the two-year statute of limitation, as she learned of her inclusion in 2022 and did not file this lawsuit until 2025.

## III. PLAINTIFF'S CLAIMS AGAINST DEFENDANT THOMPSON FOR VIOLATIONS OF THE § 1983 FIRST AMENDMENT RETALIATION (COUNT III) MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

Count III alleges retaliation for reporting extortion: threats by others, but not Defendant Thompson post-termination. (Compl. ¶¶ 182-189.) Defendant Thompson is not alleged to have retaliated directly after the report. No clearly established right protects a non-employee tenant's qui tam-related speech in this context. Precedent requires robust consensus; none exists for this scenario. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (reasonable official unaware of unlawfulness). The Complaint ties Defendant Thompson to pre-report acts, not post-report retaliation. Qualified immunity bars Count III.

## IV. PLAINTIFF'S CLAIMS AGAINST DEFENDANT THOMPSON FOR VIOLATIONS OF ANY FAIR HOUSING ACT CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

No discrimination based on protected class (race, color, religion, sex, disability, familial status, or national origin) is alleged. *42 U.S.C. § 3604* (prohibiting discrimination in housing based on protected characteristics); see *Bangerter v. Orem City Corp.,* 46 F.3d 1491, 1501 (10th Cir. 1995) (FHA claims require showing discrimination against protected class, such as disabled; dismissed absent such allegations). *42 U.S.C. § 3612(o)* governs HUD referrals, not private suits. No cognizable FHA claim is stated.

## V.   PLAINTIFF'S CLAIMS AGAINST DEFENDANT THOMPSON FOR VIOLATIONS OF THE UNCLEAN HANDS BARS NON-FCA CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

Plaintiff's participation in alleged illegal SNAP trafficking (*7 U.S.C. § 2024*) bars equitable relief on *42 U.S.C. § 1983* and other claims under unclean hands/in pari delicto. The Complaint admits voluntary surrender to secure housing/bills, failing to plead non-consensual coercion. See, e.g., *U.S. ex rel. Lemmon*, 614 F.3d at 1173 (mutual misconduct relevant). Hill's Affidavit reinforces consensual dealings. Dismiss non-FCA claims.

Defendant Thompson request that the allegations against Defendant Thompson allegedly violating the Kansas Consumer Protection Act be dismissed. Defendant Thompson is not a supplier as defined by the KCPA. The Consumer Protection Act is a state claim without a federal question, thereby lacking federal jurisdiction.

## CONCLUSION

The Plaintiff's case against Deborah Thompson must fail on all counts. The allegations under the False Claims Act have been thoroughly covered and the Plaintiff's claim must be denied for many reasons as outlined but with particularity because there was no monetary obligation due to the government that would qualify for a False Claims Act proceeding. Further, Plaintiff fails to

otherwise state any factual allegations providing a basis for federal jurisdiction for any remaining claims (Federal Rules of Civil Procedure 8(a)i). The Defendant Deborah Thompson has outlined how the Plaintiff First Amended False Claims Act Complaint fails pertaining to fraud, extortion, or theft.

**THERE IS NO FRAUD**

Fed. R. Civ. P 9(b) states that in all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity. At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof. The purpose of Rule 9(b) is to prevent the filing of a complaint as pretext for the discovery of unknown wrongs, and to afford Defendant fair notice of Plaintiff's claim and the factual ground upon which it is based.

Fed. R. Civ. P 9(b) demands particularity, not generality, and cannot be satisfied by conclusory allegations as to method and process. In the context of a qui tam claim under the False Claims Act. Underlying schemes and other wrongful activities that result in the submission of fraudulent claims are included in the circumstances constituting fraud and mistake that must be pled with particularity under Rule 9(b).

**THERE IS NO EXTORTION**

Legal definition of extortion is the wrongful use of actual or threatened force, violence, or fear to induce a victim to surrender property or, in some cases, to coerce a public official. Federal extortion involves statutes like the Hobbs Act (18 U.S.C. § 1951) for affecting commerce and specific sections in 18 U.S.C. Chapter 41, including § 872 (extortion by U.S. officials), § 873 (blackmail/threats about federal law violations), and § 875 (interstate communication threats), all criminalizing obtaining property or benefits through threats, fear, force, or wrongful use of power,

with penalties varying by statute, ranging from misdemeanors to felonies impacting interstate commerce.

**THERE IS NO THEFT**

Federal theft offenses, such as theft of government property (18 U.S.C. § 641) or interstate shipment theft (18 U.S.C. § 659), require proof beyond a reasonable doubt that the Defendant knowingly took, embezzled, or stole property belonging to the U.S. government or in interstate commerce with the intent to permanently deprive the owner of its use.

Under Kansas law (K.S.A. 21-5801), theft is defined as intentionally obtaining or exercising unauthorized control over property or services, with the specific intent to permanently deprive the owner of its possession, use or benefit. Key elements include unauthorized control (by taking, deception, or threat) or knowingly receiving stolen property. The Plaintiff's First Amended False Claims Act Complaint fails in describing or showing any evidentiary facts supporting fraud, extortion, or theft. In fact, the contrary is shown, everywhere in the Plaintiff's First Amended False Claims Act Complaint the only evidence shown that Defendant Thompson had Plaintiff's EBT card was when it was voluntarily offered or given to Defendant Thompson. Plaintiff Randle conveniently leaves out that she at every time the card was not in her possession was only because Plaintiff was soliciting her card for cash benefits for her personal use. The Defendant Deborah Thompson respectfully requests that the court dismiss all the allegations in Plaintiff's First Amended False Claims Act Complaint.

For the foregoing reasons—including the Plaintiff's First Amended False Claims Act Complaint failure to plead any specific false or fraudulent claim with the particularity required by Rule 9(b), the absence of allegations establishing materiality, a false record or statement, a reverse false claim, or a conspiracy under the False Claims Act; qualified immunity and the failure to state any constitutional violation under 42 U.S.C. § 1983; the lack of any cognizable Fair Housing Act

14

claim; and the equitable bar of unclean hands due to Plaintiff's own participation in the alleged transactions—the Court should grant this motion in its entirety and dismiss all claims against Defendant Deborah Thompson with prejudice.

        Respectfully Submitted,

        */s/ Atif Abdel-Khaliq*
        Atif Abdel-Khaliq, KS #10552
        1333 Meadowlark Lane
        Suite 203
        Kansas City, Kansas 66102
        Phone: (913) 281-5051
        Facsimile: (913) 281-3211
        atifmcintoshlaw@gmail.com
        Attorney for Defendant Deborah Defendant Thompson

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed and served electronically by the Court's electronic filing system this 27th day of January 2026, to all counsels on record.

        */s/ Atif Abdel-Khaliq*
        Atif Abdel-Khaliq
        Attorney for Defendant Deborah Defendant Thompson